IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| ROBERT MITCHELL, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | No. 3:15-cv-00284-JJV |
| CAROLYN W. COLVIN, | * | |
| Acting Commissioner, Social Security | * | |
| Administration, | * | |
| Defendant. | * | |

**MEMORANDUM AND ORDER**

Plaintiff, Robert Mitchell, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability benefits and supplemental security income. The Administrative Law Judge (ALJ) concluded Plaintiff had not been under a disability within the meaning of the Social Security Act. The Appeals Council denied Plaintiff's request for a review, making the ALJ's decision the final decision of the Commissioner.

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, a court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. A court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute.  Therefore, they will not be repeated in this opinion except as necessary.  After careful consideration of the record as a whole, I find the decision of the Commissioner is supported by substantial evidence

In support of his Complaint, Plaintiff argues the ALJ's step five finding is not supported by substantial evidence. (Doc. No. 15 at 9-16.)  Plaintiff bore the burden of proving disability, *Baumgarten v. Chater*, 75 F.3d 366, 368 (8th Cir. 1996), and he has not met this burden. "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  A "physical or mental impairment . . . results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Plaintiff has a combination of impairments and the record reveals he suffers from at least some degree of pain and limitation.  I am sympathetic to his claim as he has had some very serious medical issues.  But his surgery for bowel perforation and later hernia surgery were overall successful. (Tr. 278-305, 306-354, 399-423.)  I realize there were lasting issues as a result of his bowel perforation, but his doctors released him to work doing "painting, light duty." (Tr. 323, 326.) His level of back pain is always very hard to gauge, but the overall objective evidence fails to support Mr. Mitchell's allegation of complete disability.  The Range of Motion Chart shows significant limitation of his lumbar spine (Tr. 391), but the evaluation performed by Bernard Crowell, M.D., Ph.D., supports the ALJ's determination that Plaintiff could perform work at the lowest exertional level. (Tr. 43, 392-393.)

2

With regard to the argument that the ALJ failed to develop the record, Plaintiff bears a heavy burden in showing the records has been inadequately developed. He must show both a failure to develop necessary evidence and unfairness or prejudice from that failure. *Combs. v. Astrue*, 243 Fed.Appx. 200, 204 (8th Cir. 2007). Plaintiff has shown neither. The ALJ is permitted to issue a decision without obtaining additional evidence as long as the record is sufficient to make an informed decision. *E.g., Haley v. Massanari*, 258 F.3d 742, 749 (8th Cir. 2001); *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995). In this case, the record was sufficient upon which to make an informed decision.

Plaintiff has advanced other arguments which I have considered and find to be without merit. It is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final decision of the Commissioner is affirmed and Plaintiff's Complaint is dismissed with prejudice.

SO ORDERED this 20th day of April, 2016.

                                                  JOE J. VOLPE
                                                  UNITED STATES MAGISTRATE JUDGE